HENRY ELDRIDGE's (dependent's) CASE. November 13, 1941. Decree affirmed. This is a workmen's compensation case. G. L. (Ter. Ed.) c. 152. It is an appeal by the insurer from a decree of the Superior Court awarding compensation to the dependent widow of a deceased employee. This decree was in conformity with the findings of the reviewing board. The finding of the board that the injury resulting in the death of the employee arose out of and in the course of his employment was warranted by the evidence. It cannot rightly be said that this finding was wholly speculative. And the evidence did not require a finding that the injury resulted from the employee's being under the influence of alcoholic liquor. An affirmative finding to the contrary was permissible on the evidence. This is not a case for the allowance of costs under G. L. (Ter. Ed.) c. 152, § 14.

*H. B. White & G. E. Zopf*, for the insurer, submitted a brief.

*W. E. Collins*, for the claimant.

JOSEPH P. MORAN *vs.* PLYMOUTH RUBBER COMPANY, INC. November 24, 1941. Order for judgment affirmed. This is an action of tort brought in the Superior Court to recover compensation for personal injuries alleged to have been sustained by the plaintiff as a result of the negligence of the defendant, its agents or servants. The case was referred to an auditor whose findings of fact were to be final. The auditor filed a report. The court ordered judgment for the defendant. The plaintiff appealed. Judgment was ordered rightly. The auditor found that the plaintiff was injured on the defendant's premises as the result of the negligence of one Carroll, who was engaged in pushing a lunch cart or truck. But the auditor found further that said Carroll "was not an employee of the defendant . . . that there was no negligence on the part of the defendant, or any of its servants or agents; that Carroll was working for an independent contractor and his being on the premises of the defendant was in the nature of a license; that the work of the independent contractor was not in itself unlawful, it did not create a nuisance from which wrongful consequences would result if not guarded against." The report contains also subsidiary findings and a recital of what apparently is evidence. Whether or not this recital is treated as a recital of subsidiary findings of fact, there are no subsidiary findings inconsistent with the ultimate findings above recited, and on the entire report — considered as a case stated — including subsidiary and ultimate findings, and the proper inferences therefrom, the plaintiff did not establish liability of the defendant for the injuries sustained by him as a result of the negligence of Carroll. Moreover, the findings of the auditor were not vitiated by error of law apparent on the face of the report. See *Galluzzi* v. *Beverly*, 309 Mass. 135.

*R. Marks*, for the plaintiff.

*Lee M. Friedman*, for the defendant, submitted a brief.